# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUKE LIGHTFOOT, and<br>DAVID LIGHTFOOT,<br><br>        Plaintiffs,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE<br>COMPANY,<br><br>        Defendant. | Case No. CIV-11-130-M |

## ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff David Lightfoot and Any Claim for Unjust Enrichment, filed March 31, 2011. On April 21, 2011, plaintiffs filed their response, and on April 28, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff David Lightfoot ("David") is the father of plaintiff Luke Lightfoot ("Luke"). Luke is an adult and is a participant and beneficiary in the health care benefit plan established by Mason, Harrison Ratliff Enterprises, LLC for certain eligible employees (the "Plan") that is the subject of this action. Defendant Principal Life Insurance Company ("Principal") is the insurer of the Plan.

Luke submitted a claim for benefits under the Plan in connection with certain health care services he obtained. Principal denied his claim. Plaintiffs allege that after Principal denied Luke's claim, Luke could not afford to pay the claim so David paid the provider directly on Luke's behalf.

Both Luke and David have brought this action under ERISA against Principal to recover benefits under the Plan. Principal now moves to dismiss David and any claim for unjust enrichment.[1]

II.     Discussion

Principal asserts that David does not have standing in his own right to bring a claim under ERISA for benefits allegedly owed to Luke. The Tenth Circuit has found:

> As the Supreme Court has explained, "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties" outlined in § 502. *Franchise Tax Bd.* [*v. Constr. Laborers Vacation Trust*], 463 U.S. [1] at 21, 103 S.Ct. 2841 [(1983)]. Therefore, the requirement of § 502 is "both a standing and a subject matter jurisdictional requirement." *Stanton* [*v. Gulf Oil Corp.*], 792 F.2d [432] at 434 [(4th Cir. 1986)]; *see also Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003)(same).

*Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1160 n. 14 (10th Cir. 2004). Section 502(a)(1) of ERISA allows civil suits "by a participant or a beneficiary" of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Principal does not dispute that David is a participant of the Plan. Principal, however, contends that David does not have standing to bring the instant action because he is not seeking to recover benefits due to him under the terms of the Plan but is seeking to recover benefits due to Luke under the terms of the Plan. David asserts that the clause in § 1132(a)(1)(B) "benefits due to him" should be construed broadly such that a participant (David) can recover benefits for another

---

[1] In their response, plaintiffs state that they are not alleging any claim for unjust enrichment. Based upon this statement, the Court finds that Principal's motion to dismiss any claim for unjust enrichment is moot.

2

participant's (Luke's) medical expenses that are "due to him" for equitable reasons such as payment of the other participant's (Luke's) medical bills.

In light of the express language of § 1132(a)(1)(B), the Court finds that based upon the Plan's provisions in this case, David's assertion must fail. Specifically, the Court finds that the broad construction David asserts should be utilized necessarily requires this Court to ignore the phrase "under the terms of his plan" that immediately follows "benefits due to him" in § 1132(a)(1)(B). In the case at bar, the Plan provides:

> The Principal will normally pay all benefits to the Member. However, if the claim benefits result from a Dependent's sickness or injury, The Principal may make payment to the Dependent. Also, in the special instances listed below, payment will be as indicated. All payments so made will discharge The Principal to the full extent of those payments.
> a. If payment amount remain due upon a Member's death, those amounts may, at The Principal's option, be paid to the Member's estate, spouse, child, parent, or provider of medical services.
> b. If The Principal believes a person is not legally able to give a valid receipt for a benefit payment, and no guardian has been appointed, The Principal may pay whoever has assumed the care and support of the person.
> c. Benefits payable to a PPO Provider will be paid directly to the PPO Provider on behalf of the Member or Dependent.
> d. Benefits payable to a Lab Card facility will be paid directly to the facility.
> e. Benefits payable to Transplant Network Providers will be paid directly to the Transplant Network Provider.

Part IV - Benefits, Article 5 - Facility of Payment of the Plan at PLA/Lightfoot 00140, attached as Exhibit 1 to Principal's motion to dismiss. Based upon the language set forth above, the Court finds the terms of the Plan do not provide for payment to a participant of the Plan who has paid another participant's medical bills, unless the participant whose medical bills have been paid is either deceased or not legally able to give a valid receipt for a benefit payment, neither of which is

3

applicable in the instant case. Therefore, the Court finds that David has no standing to bring this action under § 1132(a)(1)(B) because he is not seeking to recover benefits due to him under the terms of the Plan.

Alternatively, David asserts that he has standing to bring this action based upon 29 U.S.C. § 1132(a)(3). Specifically, David asserts that he is entitled to seek "appropriate equitable relief" under § 1132(a)(3), e.g., constructive trust, equitable lien, and equitable subrogation, to enforce the provisions of § 1132(a)(1)(B) and the terms of the Plan. Section 1132(a)(3) provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . .

29 U.S.C. § 1132(a)(3).

The United States Supreme Court has been especially "reluctant to tamper with [the] enforcement scheme embodied in [ERISA] by extending remedies not specifically authorized by its text. Indeed, [the Court has] noted that ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (internal quotations and citations omitted) (emphasis in original). In relation to § 1132(a)(3), the Supreme Court has found that "equitable relief must mean *something* less than *all* relief." *Id.* (internal quotations omitted).

Further, the Supreme Court has

> rejected a reading of the statute that would extend the relief obtainable under § 502(a)(3) to whatever relief a court of equity is

4

> empowered to provide in the particular case at issue (which could include legal remedies that would otherwise be beyond the scope of the equity court's authority). Such a reading, [the Supreme Court] said, would limit the relief *not at all* and render the modifier ["equitable"] superfluous. Instead, [the Supreme Court] held that the term "equitable relief" in § 502(a)(3) must refer to those categories of relief that were *typically* available in equity . . . .

*Id.* at 210 (internal quotations and citations omitted) (emphasis in original). The Tenth Circuit has followed the Supreme Court's reasoning concluding that "generally monetary compensation for economic or other harm is unavailable under ERISA." *Callery v. United States Life Ins. Co. in the City of N.Y.*, 392 F.3d 401, 405 (10th Cir. 2004) (internal quotations omitted).

Specifically, in relation to constructive trusts and equitable liens, the Supreme Court has stated:

> In contrast, a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of a constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant]. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Great-West*, 534 U.S. at 213-14 (internal quotations and citations omitted).

Applying the Supreme Court's reasoning to the case at bar, the Court finds that the type of relief that David is seeking is not the type of "other appropriate equitable relief" contemplated under § 1132(a)(3). Specifically, the Court finds the basis for David's claim is not that Principal holds

particular funds that, in good conscience, belong to David, but that David is entitled to some funds for benefits – the payment of Luke's medical bills – that he conferred. The kind of relief that David seeks, therefore, is not equitable – the imposition of a constructive trust or equitable lien on particular property or equitable subrogation for particular property – but legal – the imposition of personal liability for the benefits that he conferred upon Principal. Accordingly, the Court finds that David has no standing to bring this action under § 1132(a)(3).

Finally, David contends that he has standing based upon derivative standing, "authorized representative" standing, and deceased party/personal representative standing. David, however, has set forth no allegations in his Complaint nor has offered any authority that would allow him to proceed under these theories. Specifically, David has made no allegation, or even any argument, that Luke has assigned his right to benefits under the Plan to David or that David is the authorized representative or personal representative of Luke. Further, Luke is clearly not deceased as he is a co-plaintiff in this case. Accordingly, the Court finds that David does not have standing to bring this action based upon derivative standing, "authorized representative" standing, or deceased party/personal representative standing.

Therefore, for the reasons set forth above, the Court finds that David has not satisfied the standing requirement of § 1132 and, thus, does not have standing in his own right to bring a claim under ERISA for the benefits allegedly owed to Luke.

III.　Conclusion

Accordingly, the Court GRANTS Principal's Motion to Dismiss Plaintiff David Lightfoot [docket no. 10] and DISMISSES plaintiff David Lightfoot.  The Court further FINDS that Principal's Motion to Dismiss Any Claim for Unjust Enrichment [docket no. 10] is MOOT.

**IT IS SO ORDERED this 24th day of May, 2011.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE