# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LUKE LIGHTFOOT and DAVID LIGHTFOOT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-11-130-M |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff Luke Lightfoot's Objection to Administrative Record, filed July 1, 2011. On July 22, 2011, defendant filed its response. On July 26, 2011, plaintiff filed his reply, and on August 18, 2011, plaintiff filed his Notice Regarding Plaintiff's Objection to Administrative Record. Based upon the parties' submissions, the Court makes its determination.

The instant action is for health care benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Following both defendant's initial decision and final decision denying plaintiff certain health care benefits, plaintiff, through his authorized representative, requested copies of all documents "relevant" to plaintiff's claim. Defendant subsequently provided copies of documents to plaintiff.

On June 30, 2011, defendant filed what it contends constitutes the administrative record in this case. Defendant's proposed administrative record, however, contains documents which were not previously provided to plaintiff. The parties agree that if defendant's proposed administrative record consists of all of the documents submitted to or considered by defendant at the time of its final decision, the proposed administrative record would fall within the Tenth Circuit's firmly established definition of administrative record. Plaintiff, however, contends that pursuant to 29

C.F.R. § 2560.503-1(l) and Tenth Circuit case law, any documents that defendant failed to produce to plaintiff after defendant's initial and final decision that plaintiff requested should not be a part of the administrative record in this case.

Having carefully reviewed the parties' submissions and the case law and regulations cited, the Court finds there is absolutely no authority for the relief sought by plaintiff. Specifically, the Court finds that the regulation upon which plaintiff relies provides no support for plaintiff's position that the documents that defendant did not produce upon plaintiff's request should be excluded from the administrative record in this case. That regulation provides, in pertinent part:

> (l) Failure to establish and follow reasonable claims procedures. In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).

As set forth above, the remedy provided in 29 C.F.R. § 2560.503-1(l) is for the claimant to be deemed to have exhausted the administrative remedies available under the plan and for the claimant to be entitled to pursue any available remedies under section 502(a) of ERISA. No where in § 2560-503-1(l) is there any mention of altering the administrative record as a remedy for a plan's failure to follow reasonable claims procedures. Where the definition of what constitutes an administrative record is so firmly established by Tenth Circuit law, the Court finds such silence speaks volumes as to the Court's authority to alter what constitutes the administrative record. Additionally, the Court would note that the case law cited by plaintiff in support of his position is

clearly inapplicable to the case at bar and further does not even discuss altering the administrative record as a remedy for a plan's failure to follow reasonable claims procedures.

Accordingly, the Court finds that any documents that defendant did not produce upon plaintiff's request should not be excluded from the administrative record in this case.[1] The Court, therefore, OVERRULES plaintiff's Objection to Administrative Record [docket no. 34] and FINDS that the Administrative Record filed by defendant on June 30, 2011 will be the administrative record in this case.

**IT IS SO ORDERED this 25th day of August, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court has found that the administrative record in this case will not be altered based upon defendant's alleged violation of ERISA's procedural requirements, the Court would note that the Court will remain mindful of any regulatory violations during its *de novo* review of defendant's decision in this matter.