**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LUKE LIGHTFOOT and DAVID LIGHTFOOT, ) ) ) Plaintiffs, ) ) vs. ) ) PRINCIPAL LIFE INSURANCE ) COMPANY, ) ) Defendant. ) | Case No. CIV-11-130-M |

## ORDER

Before the Court is plaintiff Luke Lightfoot's ("Luke") Motion for Attorneys' Fees and Costs, filed March 30, 2012. On May 24, 2012, defendant Principal Life Insurance Company ("Principal") filed its response, and on May 31, 2012, Luke filed his reply. Based upon the parties' submissions, the Court makes its determination.

On November 29, 2011, this Court issued an order finding that Principal's decision to deny Luke's claim was wrong and that Principal should be ordered to pay Luke's claim for his treatment. On March 16, 2012, this Court issued an order finding that Luke was entitled to benefits in the amount of $58,100 and prejudgment interest in the amount of $11,963.88 and entered judgment in favor of Luke. Luke now moves, pursuant to 29 U.S.C. § 1132(g)(1), for an award of attorney's fees against Principal.

Section 1132(g)(1) provides that in an ERISA action "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1) . . . ." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (internal quotations and citation omitted).

> Clearly, it is within the district court's sound discretion to determine whether a party is entitled to attorney's fees as the result of an action brought under ERISA. Further, the granting of attorney's fees under ERISA is not to be done as a "matter of course," but is discretionary in nature.

*Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983). In exercising its discretion, a court should consider the following factors: (1) the degree of the opposing party's bad faith or culpability; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) the deterrence value of an award of attorney's fees; (4) whether the party requesting fees sought to benefit all plan participants or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[1]  *See id.* at 109.

Having carefully reviewed this matter, the Court first finds that Luke clearly achieved "some degree of success on the merits" and is eligible for attorney's fees under 29 U.S.C. § 1132(g)(1). However, in weighing the five factors set forth above, the Court finds that an award of attorney's fees is not appropriate in this case. Specifically, the Court finds that while this Court has found that Principal's decision to deny Luke's claim was wrong, Principal's decision does not rise to the level of bad faith required to meet the first factor. There is simply no evidence that would justify a finding that Principal acted in bad faith in denying Luke's claim for benefits or that any procedural error that occurred in the handling of Luke's claim was intentional or reprehensible. Regarding the second factor, there is no dispute that Principal is able to satisfy an award of attorney's fees. Third, the Court finds that an award of attorney's fees would not necessarily deter other plan administrators

---

[1] In *Hardt*, the United States Supreme Court clarified that this five factor test is not mandatory but noted that once a claimant has satisfied the requirement of showing some degree of success on the merits, a court may consider the five factors in deciding whether to award attorney fees. *See Hardt*, 130 S. Ct. at 2158 n. 8.

from acting in the same manner under similar circumstances. The facts and circumstances of this case are unique and are not likely to be frequently repeated. Fourth, Luke did not seek to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal issue in filing this action. Finally, the Court finds that Luke's position was more meritorious than Principal's position. Considering the above, the Court finds that, on balance, the five factors weigh against an attorney's fee award.

Accordingly, the Court DENIES Luke's Motion for Attorneys' Fees [docket no. 81].

**IT IS SO ORDERED this 29th day of November, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE